IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES LEONARD RILEY,

        Plaintiff,

v.                                                       Civil Action No. 5:12cv89
                                                              (Judge Bailey)

BRANDY MILLER, D Pod Unit Manager, NCF
GREG YAHNKE, Associate Warden of Programs,
EVELYN SEIFERT, Warden of NCF,
JAMES RUBENSTEIN, Commissioner, WVDOC,

        Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

On June 20, 2012, James Riley, a West Virginia inmate then incarcerated at the Northern Correctional Facility, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.). Plaintiff generally alleges a violation of his Eighth Amendment right to be free of cruel and unusual punishment. (*Id.* at 7-8). On May 10, 2013, Plaintiff filed a change of address indicating that he had been moved to the Huttonsville Correctional Center. (Dkt. No. 23). On January 21, 2014, Plaintiff filed another change of address indicating that he had been transferred back the Northern Correctional Facility. (Dkt. No. 31). On May 16, 2014, Plaintiff filed yet another change of address indicating that he had been transferred to the Mount Olive Correctional Complex. (Dkt. No. 36).

### II. History

On January 27, 2009, Plaintiff was sentenced in the Circuit Court of McDowell County, West Virginia, on one count of Failure to Register and Sexual Abuse by Parent, Guardian, Custodian or other Person in Position of Trust to a Child. His next parole hearing is tentatively scheduled for

1

July 20, 2018. His projected release date is January 18, 2020.

The plaintiff previously filed a § 1983 complaint with this Court on September 22, 2011.[1] In the complaint, Plaintiff alleged that on May 30, 2011, he was going through the chow line and put his inmate ID card up the window for the Armark supervisor, Jerry Pritt, to scan it. Plaintiff maintained that Mr. Pritt accused him of "flipping him off," and called him a faggot. Plaintiff maintained that Mr. Pritt had committed a hate crime. He also alleged that Mr. Pritt's actions caused him mental anguish because he was labeled a homosexual. He also alleged that he was physically assaulted because of Mr. Pritt's actions. For relief, Plaintiff requested that this Court prosecute Mr. Pritt to the full extent of the law and award him $1,000,000.00 for his mental anguish. In addition, he sought "restitution" in the amount of $350.00 for the cost of the filing fee and $450 for pain and suffering. On December 15, 2011, the case was dismissed without prejudice for failure to prosecute.

### III. The Complaint

In his pending complaint, Plaintiff asserts that on May 10, 2012, at approximately 3:15 p.m., he informed Brandy Miller ("Miller"), the D-2 Pod Unit Manager, that his cell assignment with "DF" was no longer working out, and that he needed to be moved before a physical altercation took place. He further alleges that Miller responded that he was on the move list, that he would be moved once space became available, and that the only way he could be moved before then was to go to segregation. Plaintiff maintains that this statement violates his Eighth Amendment right against cruel and unusual punishment. Plaintiff then states that he had to spend thirty (30) days in segregation which made it harder for him to keep in contact with his family and caused him mental and emotional anguish. (Dkt. No. 1, pp. 7-9). For relief, Plaintiff asks "the Court to seek full prosecution

---

[1] 5:11cv128-FPS-JES

and to order the West Virginia Division of Corrections to terminate Mrs. Brandy Miller from her position of Unit Manager." (*Id.* at p. 9).

### IV. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See Neitzke* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See Neitzke* at 327 and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not

contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice....(Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8...does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50. (internal citations omitted.)

## V. Analysis

### A. Jim Rubenstein

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on

4

the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a civil rights case filed by a prisoner. *Rizzo v. Good*, 423 U.S. 362 (1976).

In his complaint, the plaintiff asserts that James Rubenstein ("Rubenstein") is liable simply because he is the Commissioner of the West Virginia Division of Corrections ("WVDOC"). He does not assert that Rubenstein personally acted in any way to violate his rights. Instead, Plaintiff has merely named him in his official capacity as the Commissioner of the West Virginia Division of Corrections. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 16. In order for the governmental entity to be a proper party of interest, the entities policy or custom must have played a part in the violation. Id. (citing *Monell vs. New York City Department of Social Services*, 436 US 658, 694 (1978)).

Here, Plaintiff fails to assert that a policy or custom of the entity played a part in the alleged violation of his constitutional rights. Accordingly, Plaintiff cannot maintain his claim against Rubenstein.

**B. Greg Yanke**

Plaintiff lists Greg Yahnke ("Yahnke") as the Associate Warden of Programs. His only allegation against Yahnke is that he was appointed to answer his Level 1 grievance against Miller. However, to the extent that Plaintiff may be asserting that Yahnke was deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit because that is not the type of personal involvement required to state a claim. *See Paige v. Kuprec*, 2003 W.L. 23274357 *1

5

(D.Md. March 31, 2003). Accordingly, Yahnke should be dismissed for failure to state a claim upon which relief can be granted.

**C. Brandy Miller/Evelyn Seifert**

In general, the Eighth Amendment prohibits "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825 (1994). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). However, the Supreme Court has stressed that "the Constitution does not mandate comfortable prisons" and prisons "cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, "only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837.

As previously noted, Plaintiff makes a generalized claim that his Eighth Amendment rights were violated in May of 2012. With respect to Miller, he claims that when he approached her on May 10, 2012, asking to be moved, she told him he would be moved when space became available, and until then, the only way he could move out of current cell assignment was to go to segregation. Nothing in this statement approaches a violation of Plaintiff's Eighth Amendment rights. With respect to Seifert, he states only that that as the warden of NCF, she had the authority to move him and did not. Again, Plaintiff has failed to allege facts sufficient to raise an issue that his Eight Amendment rights were

violated.

Moreover, although Plaintiff does not explain how he came to be confined in segregation, a review of the attachments he submitted with his complaint establishes that he was issued a Violation Report on May 13, 2012, when he approached Correctional Officer Leichliter and said "you might as well cuff me and take me to jail right now cause I ain't living with [DF] anymore." (Dkt. No. 1-1, p.10). He was charged with Violation 1.28-Refusing Housing Assigned, and the Hearing Report establishes that he pleaded guilty to the violation. As punishment, he was placed in punitive segregation for thirty (30) days and lost all privileges for thirty (30) days. (Dkt. No. 1-1, p.11).

Therefore, it is clear that Plaintiff's admission to punitive segregation was for a violation of of DOC rules. Furthermore, the only deprivation he alleges occurred as the result of his thirty (30) days confinement was that it made it hard for him "to keep in contact with my family etc. which caused me mental and emotional anguish" (Doc. No. 1, p.9). Clearly, this is not a deprivation which denies the minimal civilized measure of life's necessities and therefore, is not sufficiently grave to form the basis of an Eighth Amendment violation. Accordingly, Plaintiff's complaint that his Eighth Amendment right were violated is indisputably meritless and is subject to dismissal.

Finally, the undersigned notes that Plaintiff seeks full prosecution and an order that the WVDOC terminate Miller from her position of Unit Manager. However, as a private citizen, Plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.) Thus, this court has no authority to file criminal charges against an individual, nor can

this court direct that criminal charges be filed. In addition, this Court does not have the authority to direct the WVDOC on management of its employees.

## VI. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint, be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) as a frivolous claim.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 24, 2015

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE