IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES LEONARD RILEY, III,

    Plaintiff,

v.                                                    Civil Action No. 5:12CV89
                                                                  (STAMP)

BRANDY MILLER, D Pod Unit Manager,
Northern Correctional Facility,
GREG YAHNKE, Associate Warden of Programs,
EVELYN SEIFERT, Warden of
Northern Correctional Facility and
JAMES RUBENSTEIN, Commissioner,
West Virginia Division of Corrections,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

                        I.   Background

On July 20, 2012, the pro se[1] plaintiff, James Leonard Riley, III, and an inmate incarcerated by the State of West Virginia, initiated this action in this Court by filing a civil rights complaint which alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to United States Magistrate Judge Robert W. Trumble for report and recommendation.

In 2009, the plaintiff was sentenced in the Circuit Court of McDowell County, West Virginia, on one count of failure to register

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

and sexual abuse by parent, guardian, custodian, or another person in position of trust to a child. The plaintiff had previously filed a § 1983 complaint with this Court in 2011 alleging that a "Armark [sic] supervisor", Jerry Pritt, had committed a hate crime when he flipped off the plaintiff and called him a "faggot." This claim was later dismissed without prejudice for failure to prosecute.

In the complaint at issue, the plaintiff alleges that he informed defendant Brandy Miller ("Miller"), a D-2 Pod Unit Manager, that his cell assignment was no longer working out and that he needed to be moved before a physical altercation took place. Miller allegedly informed the plaintiff that he was on the move list but that if he wanted to be moved immediately he would have to be placed in segregation. The plaintiff then spent 30 days in segregation. This statement and his placement in segregation, the plaintiff contends, violates his Eighth Amendment right against cruel and unusual punishment.

The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice. The magistrate judge first found that the plaintiff has not asserted a cognizable claim against defendant James Rubenstein ("Rubenstein") as (1) the plaintiff has named him in his official capacity as the Commissioner of the West Virginian Division of Corrections ("WVDOC") but (2) failed to assert that there was a

policy or custom of the WVDOC which played a part in the alleged violations. Next, the magistrate judge found that plaintiff's claim against Greg Yahnke ("Yahnke"), the Associate Warden of Programs, failed because the plaintiff has not made a claim against him which is of the type of personal involvement required to state a claim under § 1983.

As to Miller, the magistrate judge found that her statement that the plaintiff could only be provided immediate reassignment if he went into segregation does not amount to an Eighth Amendment violation. Further, as to Evelyn Seifert ("Seifert"), the Warden of the Northern Correctional Facility, the magistrate judge found that plaintiff's claim that Seifert had the authority to move the plaintiff and did not fails to allege a sufficient Eighth Amendment violation.

Finally, the magistrate judge noted that the plaintiff was issued a violation report for refusing housing assigned and pled guilty to that violation. As punishment for that violation, the plaintiff was placed in punitive segregation for 30 days and lost all privileges for that time. Thus, the magistrate judge found that such a deprivation was not "sufficiently grave" to form the basis for an Eighth Amendment violation.

The plaintiff timely filed objections. In his objections, the plaintiff generally argues that he objects to the magistrate judge dismissing his claim as frivolous. He further reiterates his

argument that defendant Miller's actions violated his Eighth Amendment rights.

II. Applicable Law

Pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss all civil actions filed without prepayment of a filing fee, if at any time it is determined that the plaintiff proceeding without prepayment "fails to state a claim on which relief may be granted" or if the action seeks recovery from an individual that is immune. 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Further, "[g]eneralized, unsupported objections [that] fail to follow the directions of the magistrate judge in the [ ] report and recommendation, which ordered [the plaintiff] to direct the Court to any alleged error or any facts supporting his disagreement with the report and recommendation" are insufficient to require the Court to conduct a de novo review of the report and recommendation.

Horton v. Dobbs, No. 1:09CV114, 2011 WL 3585895, at *1 (N.D. W. Va. Aug. 15, 2011); see 28 U.S.C. § 636(b). The district court is required to review de novo only those portions of the report to which specific and timely objections have been made. Id. (citing Roach v. Gates, No. 10-1569, 2011 WL 915958, *1 (4th Cir. Mar. 17, 2011) (unpublished) (citing Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982)).

Based on the above, if the Court is not required to undergo a de novo review of the report and recommendation, a review for clear error will be undertaken. Thus, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

In this case, the magistrate judge directed the plaintiff to "identify[ ] those portions of the recommendation to which objections are made and the basis for such objections." In this case, the plaintiff has simply stated that he objects to the magistrate judge dismissing his claim as frivolous and neither directs this Court to specific portions of the recommendation that he believes are insufficient nor provides a basis for his objection other than a reiteration of his claim that Miller violated his Eighth Amendment rights. Accordingly, this Court is not required to undertake a de novo review but rather is only required to review the report and recommendation for clear error.

5

A.  Rubenstein

The magistrate judge found that the plaintiff had failed to establish any specific acts by Rubenstein and thus, his claim against Rubenstein would be considered as a claim against the state.  In order to establish liability under § 1983, which requires personal violations, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2010); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  A plaintiff may succeed on a claim against a governmental entity, although not technically a "personal" violation, if the governmental entity had a policy or custom of failing to train its employees, and that failure amounted to "deliberate indifference" causing the constitutional violation. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

This Court finds that the magistrate judge's recommendation that the plaintiff's claim against Rubenstein be dismissed should be upheld.  It was not clear error for the magistrate judge to find that the plaintiff failed to plead a sufficient claim against Rubenstein as the plaintiff had made no allegations of a policy or custom which led to the alleged violations.

B.  Yahnke

The plaintiff had alleged that Yahnke was deliberately indifferent in denying the plaintiff's administrative grievance against Miller.  The magistrate judge found that such a claim is

6

not the type of personal involvement required to state a § 1983 claim. This Court finds that such a finding was not made in clear error.

Further, even if this Court were to consider the claim as one rooted in respondeat superior, as a supervisory liability claim, it would still fail. In order for supervisory liability to exist in a § 1983 action, it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), cert. denied, 513 U.S. 813, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994). The plaintiff has failed to allege any of the above and thus, his claim would fail under this standard as well.

C. Miller and Seifert

The plaintiff's claim against Miller is that Miller told the plaintiff that if he wanted to be moved immediately he would have to be placed in segregation. The plaintiff further asserts that Seifert could have moved him but did not. The magistrate judge found these claims to be without merit.

Only deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an

7

Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted). In order to be liable for an Eighth Amendment violation, an "official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As the magistrate judge found, the plaintiff's claims against Miller and Seifert do not show that the plaintiff was deprived of "the minimal civilized measure of life's necessities." Wilson, 501 U.S. at 298. Further, the plaintiff has not provided any evidence that Seifert was aware, or that there even was, a substantial risk of serious harm if the plaintiff's request was not fulfilled immediately. Accordingly, the magistrate judge's finding was not in clear error and the plaintiff's complaint should be dismissed as frivolous as "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. at 521 (citation omitted).

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely and properly

object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object in a particularized fashion, he has waived his right to seek appellate review of this matter. A failure to file specific objections waives appellate review of both factual and legal questions. Alvarez v. O'Brien, No. 1:12CV56, 2013 WL 3812088, at *1 (N.D. W. Va. July 22, 2013) aff'd, 548 F. App'x 907 (4th Cir. 2013), cert. denied, 135 S. Ct. 314, 190 L. Ed. 2d 228 (2014) (citing United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 13, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE